

# In the Missouri Court of Appeals
## Western District

COMPLETE CONSTRUCTION, LLC,  )
        Appellant, )
v.            )    **WD84051**
            )
FROG EYES, LLC, et al.,    )    FILED:  November 22, 2022
       Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JOEL P. FAHNESTOCK, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE, THOMAS N. CHAPMAN AND JANET SUTTON, JUDGES

Complete Construction, LLC ("CCS") appeals from the circuit court's entry of a judgment in favor of Frog Eyes, LLC ("Frog Eyes") on breach of contract, fraudulent misrepresentation, and negligent misrepresentation claims.  CCS contends the court erred in certifying the judgment as final pursuant to Rule 74.01(b) because it failed to resolve all claims and establish all rights and liabilities within the "judicial unit."  Alternatively, CCS argues that the court erred in denying its motion to offset the damages awarded on the breach of contract claim based on a $250,000 settlement that Frog Eyes entered into with CCS's insurer.  Because no final judgment has been entered, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

In August 2016, Frog Eyes entered into a contract with CCS for general construction work on commercial property Frog Eyes owned in Kansas City. In November 2017, CCS sued Frog Eyes, asserting claims of breach of contract, enforcement of mechanic's lien, violation of Missouri's Prompt Pay Act, fraud, tortious interference with a business expectancy, negligent misrepresentation, and unjust enrichment relating to the construction project. In the same petition, CCS also sought damages relating to the project against Crossroads Financial Management, Inc.; Doug Elstun, the owner of Frog Eyes and Crossroads Financial Management, Inc.; David Herron d/b/a/ Herron & Partners, the architect on the project; and Hawthorne Bank, which financed the construction work.

In response, Frog Eyes asserted a counterclaim against CCS for breach of contract, fraud, gross negligence, trespass to chattels, and prima facie tort.

Several subcontractors on the construction project became involved in the case, seeking damages and enforcement of their mechanic's liens. Quality One Stucco, LLC intervened and asserted claims against the existing parties and added KCG, Inc. and Lennox Industries as parties. KCG, Inc. and Lennox Industries filed responsive pleadings, answers, crossclaims, counterclaims, and third-party petitions. Some of the subcontractors moved to join additional parties, including MPWOB Trustee Services, LLC, which held the deed to the property in trust. Green Field Energy Group, Inc. intervened as a third-party plaintiff. The circuit

2

court consolidated another pending matter, *Apex Construction Systems, LLC v. Frog Eyes LLC, et al.,* Case No. 1816-CV10614, into the case.

The parties agreed to bifurcate the trial by first trying claims between Frog Eyes and CCS and saving the subcontractors' claims for a later date. A jury trial was held on some of the claims, specifically CCS's claims of breach of contract, fraudulent misrepresentation, and negligent misrepresentation against Frog Eyes, and Frog Eyes' claims for breach of contract, fraudulent misrepresentation and prima facie tort against CCS.

The jury returned a verdict in favor of Frog Eyes on all of CCS's claims and on Frog Eyes' breach of contract and fraudulent misrepresentation claims. The jury found in favor of CCS on Frog Eyes' prima facie tort claim. The jury awarded Frog Eyes $782,316 in damages on the breach of contract claim.

Frog Eyes moved for entry of a final judgment based on the jury trial verdict. CCS objected to the entry of a final judgment on the grounds that (1) the verdict did not fully resolve at least one claim and establish all rights and liabilities of the parties with respect to that claim, and (2) the verdict did not resolve a discrete judicial unit required for certification of a final judgment. Specifically, CCS asserted that the numerous remaining parties' claims must be resolved before a final judgment is entered because the claims "arise from the same set of facts, and the same transactions and occurrences." CCS also contended that it had the right to seek a reduction of the jury's verdict based on statements by Frog

3

Eyes that it had received a $250,000 settlement from CCS's insurer to resolve certain claims.

After briefing on these issues, the circuit court entered a judgment in favor of Frog Eyes on all of CCS's claims and on Frog Eyes' counterclaims of breach of contract and fraudulent misrepresentation, and in favor of CCS on Frog Eyes' prima facie tort claim. The court awarded Frog Eyes damages of $782,316 on the breach of contract claim and no damages on the fraudulent misrepresentation claim. The court expressly determined that there was no just reason to delay entry of the judgment and certified it as final under Rule 74.01(b). CCS appeals.

### FINALITY OF THE JUDGMENT

Before we can address the merits of CCS's appeal, we must first determine if a final judgment exists. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 765 (Mo. banc 2020). The existence of a final judgment is a prerequisite for appellate review under Section 512.020.[1] *Id*. If the circuit court's judgment is not final, we must dismiss the appeal. *Id.*

A "final judgment" pursuant to Section 512.020(5) must: (1) "be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)" and (2) "be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Id*. at 771.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2020 Cumulative Supplement.

Pursuant to Rule 74.01(b), the circuit court may certify for immediate appeal a judgment on fewer than all claims upon finding there is "no just reason for delay" of the appeal. Rule 74.01(b). The circuit court's determination in this regard is not dispositive, however. *Wilson*, 600 S.W.3d at 771 (citations omitted). Rather, it is the "content, substance, and effect of the order." *Id.* (citations omitted). Whether a judgment is eligible for certification under Rule 74.01(b) is a question of law. *Taylor v. Curators of Univ. of Mo.*, 602 S.W.3d 851, 854, n.4 (Mo. App. 2020).

A judgment may be certified under Rule 74.01(b) "only if it disposes of a 'judicial unit' of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Id.* "[W]here a dispositive ruling does not wholly resolve all claims brought by or against a particular party, it only involves a discrete 'judicial unit' if it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Id.* (citations omitted).

In this case, the judgment does not meet either of the criteria to be certified under Rule 74.01(b). First, the judgment does not dispose of all claims by or against at least one party because Frog Eyes' counterclaims against CCS for gross negligence and trespass to chattels remain pending. Frog Eyes argues that it voluntarily dismissed the claims after it reached a settlement with CCS's insurance company. However, there is no indication in the record that Frog Eyes

5

ever filed such a dismissal or that it was done prior to the swearing of the jury panel for voir dire, which is required for the voluntary dismissal of a counterclaim to be effective without a court order. Rules 67.02(a)(1) and 67.04.

Second, the judgment does not dispose of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court. Both the resolved and outstanding claims arise from the same commercial construction project. The allegations in Frog Eyes' counterclaims against CCS arise from a single construction contract between the parties. Specifically, Frog Eyes alleged (1) breach of contract in that CCS's work was defective and non-compliant before CCS abandoned the project, (2) fraud for submitting claims for payment for double-billing and non-compliant materials used on the project, (3) gross negligence for CCS's breach of the duty of reasonable care by failing to perform in a workmanlike manner, (4) trespass to chattels for failing to seal or protect the building from severe weather prior to ceasing work and against Frog Eyes instructions, and (5) prima facie tort for ignoring Frog Eyes instructions to seal the building and opening the elevator and skylights on the roof of the building before abandoning the project. Frog Eyes' claims against CCS for gross negligence and trespass to chattels arise from the same set of facts and transactions as the claims presented at trial.

Furthermore, claims by and between CCS, Frog Eyes, the subcontractors, and remaining parties arise from the same commercial construction project and remain pending. Six subcontractors have outstanding claims, including those for

6

enforcement of mechanic's lien, breach of contract, violation of Missouri's Prompt Pay Act, unjust enrichment, and quantum meruit, pending against other parties, including some against Frog Eyes and CCS. Additionally, CCS has claims for mechanic's lien against Elstun, Frog Eyes, Crossroads and Hawthorn, and violation of Missouri's Prompt Pay Act against Frog Eyes. MPOWB Trustee Services, LLC has outstanding claims for quantum meruit against CCS, Frog Eyes and Crossroads, and violation of Missouri's Prompt Pay Act against CCS.

Frog Eyes contends that the remaining parties' claims are separate and distinct from the claims between an owner and general contractor. However, the facts that are relevant to the commercial construction contract between Frog Eyes and CCS are also relevant and necessarily related to the claims made by the subcontractors and remaining parties, who are subject to liability for such claim or claims in pending litigation. *McConnell v. W. Bend Mut. Ins. Co.*, 606 S.W.3d 181, 188 (Mo. App. 2020) (citations omitted). As a result, the purported judgment has not fully resolved at least one claim in a lawsuit nor established all the rights and liabilities of the parties with respect to that claim. *Id.* Accordingly, the circuit court erred in certifying this matter for appeal because the judgment did not dispose of a distinct judicial unit. The appeal must be dismissed.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.

_____
Lisa White Hardwick, Judge

All Concur.

7